UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORALEE ANDERSON-FRANCOIS,

Plaintiff (s),

v.

COUNTY OF SONOMA, ET AL,

Defendant(s).

No. **C 08-00724 WDB**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Wayne D. Brazil. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order  , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 1/31/2008 | Complaint filed | |
| 4/21/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 5/5/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 5/12/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Courtroom 4, Oakland at 4:00 PM | Civil L.R. 16-10 |

*  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF ASSIGNMENT OF CASE
# TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

_____.

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK


_____
By: Deputy Clerk

MagAssnNtc-2-03.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

,

          Plaintiff(s),

   v.

,

          Defendant(s).
_____/

No. C

**DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____

Signature_____

Counsel for _____
(Plaintiff, Defendant, or indicate "pro se")

**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

,

               Plaintiff(s),

     v.

,

               Defendant(s).

                                  /

No.  C

**CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE**

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

    In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

_____
Signature

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), | No.  C __-_____ WDB |
| v. | **CASE MANAGEMENT AND PRETRIAL ORDER** |
| Defendant(s). _____/ | **(Court trial)** |

Pursuant to Fed. R. Civ. P. 16 and Civ. L. R. 16-15(c), the following case management and pretrial order is entered:

1.    <u>TRIAL DATE</u>

     a.    Court trial shall begin on _____ at10:00 a.m. in Courtroom 4, Third Floor,  1301 Clay Street, Oakland, California.

     b.    The length of the trial will be not more than _____ days.

2.    <u>DISCOVERY</u>

     a.    Experts  shall  be  disclosed  by  _____  (plaintiff);  _____ (defendant).

     b.    All discovery from experts shall be completed by _____ (plaintiff); _____ (defendant).

     c.    All non-expert discovery shall be completed by _____.

1            d.     Counsel shall contact the undersigned Magistrate Judge jointly by telephone

2    before filing any discovery motions.

3          3.    <u>MOTIONS</u>

4         All dispositive motions shall be served and filed not less than **thirty-five (35)** days prior

5    to the scheduled hearing date of _____. Any opposition shall be served and filed no

6    later than **twenty-one (21)** days prior to the hearing date. Any reply to the opposition shall be

7    served and filed no later than **fourteen (14)** days prior to the date of the hearing.

8          4.    <u>SETTLEMENT CONFERENCE</u>

9         A settlement conference shall be scheduled before another Magistrate Judge of this court.

10   Counsel will be contacted by that judge's chambers with a date and time for the conference

11   during _____, or as soon thereafter as is convenient to the judge's calendar.

12         5.    <u>PRETRIAL CONFERENCE</u>

13            a.    A final pretrial conference shall be held on _____ at

14   _____ in Courtroom 4, 3rd Floor. The conference shall be attended by lead trial

15   counsel for each party. The conference may be held telephonically if the parties desire. The

16   parties must notify the court by 4:00 p.m. the day before that the conference will be held

17   telephonically. Plaintiff shall initiate the conference call and then call chambers at (510) 637-

18   3326.

19            b.    **Not less than thirty (30) days** prior to the date of the pretrial conference,

20   all counsel and/or parties shall meet and fulfill the requirements of Civil Local Rule 16-15(a).

21            c.    **Not less than twenty (20) days** prior to the pretrial conference, counsel

22   and/or parties shall:

23              (i)   serve and file pretrial statements pursuant to Local Rule 16-15(b);

24              (ii)  serve and file trial briefs, motions <u>in limine</u>, statements designating

25                     excerpts from discovery that will be offered at trial (specifying the witness

26                     and page and line references), and proposed findings of fact and

27                     conclusions of law;

28

(iii) serve and file a numerical list of each party's exhibits, including a brief statement describing the substance of each exhibit;

(iv) serve and file an exhibit setting forth the qualifications and experience of each expert witness;

(v) exchange all exhibits, which shall be <u>premarked</u> and <u>tabbed</u>, plaintiff using a "P" suffix and defendant a "D" suffix on all exhibit numbers; and

(vi) deliver <u>three</u> sets of all premarked exhibits to chambers (exhibits are not to be filed).

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement without leave of court and for good cause shown.

d.    **Not less than ten (10) days** prior to the pretrial conference, counsel and/or parties shall serve and file: 1) any objections to witnesses or exhibits, 2) any objections to the qualifications of expert witnesses, and 3) any oppositions to motions <u>in limine</u>.

e.    All motions <u>in limine</u> and objections shall be heard at the pretrial conference.

6.    All documents filed with the Clerk of the Court shall list the civil case number followed only by the initials **"WDB."** One copy must be clearly marked as a **chambers** copy.

IT IS SO ORDERED.


Dated: October 23, 1998

WAYNE D. BRAZIL
United States Magistrate Judge

Copies mailed to:
    All parties
    WDB, Stats

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER**

**OF U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL**

**REGARDING**

**REQUESTS TO MODIFY CONDITIONS OF RELEASE**

**AND REQUESTS FOR TRAVEL ORDERS**

The court will no longer consider any request to modify release conditions or for a travel order on behalf of a defendant in a criminal matter unless the request includes a statement attesting that defendant's counsel has given prior notice of the request to both the Assistant U.S. Attorney handling the prosecution and the Pretrial Services officer assigned to the defendant. The request also must include a statement apprising the court of the prosecutor's and the Pretrial Services officer's responses to the request. Any requests submitted to the undersigned without these required statements will be returned to defendant's counsel without consideration by the court.

IT IS SO ORDERED.

Dated: April 12, 2001

_____
WAYNE D. BRAZIL
United States Magistrate Judge

N:\standing2.frm

1
2
3
4
5
6
7
8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10
11
12        Plaintiff(s),                No. C __-_____ WDB

13   v.                                **PRETRIAL ORDER**

14                                     **(Jury Trial)**

15        Defendant(s).
    _____/

16

17        On _____, the court held a case management conference in the above-captioned

18   case. For reasons set forth on the record, the court hereby ORDERS the following:

19        1. The jury trial shall begin on _____, at ____ **a.m.**, in Courtroom 4, Third Floor,

20   United States Courthouse, 1301 Clay Street, Oakland, California.

21        2. By no later than _____ at ____, the court will hold a hearing on any

22   dispositive motions.

23        3. On _____ at ____, the court will hold the final pretrial conference. Lead trial

24   counsel for each party must participate in the conference. The conference may be held

25   telephonically if the parties desire, in which case plaintiff must notify the court by 4:00

26   p.m. the day before the conference. Plaintiff must initiate a conference call at the time

27   noticed and call the court at (510) 637-3326 when all parties are on the line.

28

1

## DISCOVERY

2  4. Plaintiffs must disclose their experts by _____. Defendants must
3  disclose their experts by _____.

4  5. All discovery from experts must be completed by _____.

5  6. The discovery cut-off date for non-expert discovery is _____.
6  Discovery cut-off date is defined in Civil Local Rule 26-2. No motions to compel
7  discovery may be filed later than 10 days after the discovery cut-off date.

8

9

## MEET AND CONFER

10  7. Not less than **30 days** prior to the date of the Final Pretrial Conference, the
11  parties must meet and take all steps necessary to fulfill the requirements of this order.

12

13

## WITNESSES AND DEPOSITION TESTIMONY

14  8. No less than **15 court days** before the final pretrial conference, each party must
15  file, serve, and separately lodge with chambers a list of witnesses it intends to call on
16  direct examination, in the order that the party expects to call them, with a brief description
17  of the subject areas upon which each witness will testify, a description of the significance
18  (in terms of factual propositions and/or legal theories) of the expected testimony, and an
19  estimate of the time that direct examination will consume. Each party also must file and
20  serve, with its witness list, excerpts from the deposition testimony of witnesses not
21  testifying in person that may be presented at trial, specifically reproducing the pages and
22  marking the lines of the relevant transcript excerpts. Two copies of the witness list and
23  deposition excerpts must be lodged directly with chambers. (Full deposition volumes
24  should not be lodged with the court.)

25  9. The parties will be precluded from offering substantive evidence (i.e., evidence
26  offered for any purpose other than impeachment) by live testimony through any person
27  not listed on the witness list or by deposition testimony not included in the submitted
28  excerpts, and will be precluded from supplementing the witness list or the deposition

2

1  excerpts after the deadline set herein for exchanging this material, except upon the

2  express permission of the court.  The court will permit the testimony of persons not

3  designated in the witness list or the use of deposition excerpts not timely disclosed <u>only</u>

4  upon a <u>substantial</u> showing that:  (a) no party will be prejudiced or suffer undue hardship,

5  (b) the failure to timely designate the witness or testimony was clearly justified, and (c)

6  the interests of justice otherwise warrant permitting the testimony.

7        10.  Counsel ordinarily will be permitted at trial to present foundational matter and

8  factual evidence describing the educational and employment background of witnesses in

9  summary, leading form.

10

11                                    **<u>EXHIBITS</u>**

12        11.  No less than **15 court days** before the final pretrial conference, counsel must

13  **exchange** all exhibits (premarked), including demonstrative exhibits, that they intend to

14  use as part of their case-in-chief at trial.

15        12.  Except for purposes of impeachment, the parties will be precluded from

16  offering in evidence, using as demonstrative evidence, or examining any of their

17  witnesses concerning any exhibit not exchanged by this deadline, except upon the express

18  permission of the court.  The court will permit supplementation of exhibits after the

19  exchange date <u>only</u> upon a <u>substantial</u> showing that:  (a) no party will be prejudiced or

20  suffer undue hardship, (b) the failure to timely designate the exhibit was clearly justified,

21  and (c) the interests of justice otherwise warrant the supplemental designation.

22        13.  The court has attached to this Order the form of exhibit labels to be used by

23  each side.  Each side should label their exhibits prior to trial.  Plaintiffs must label their

24  exhibits numerically as follows:  "_____,**[insert initials -1, -2, etc] ....**"  Defendants

25  must label their exhibits numerically as follows:  "_____, ....**[insert initials -1, -2, etc]**"

26  Counsel must not write in the space provided for "date entered" or "signature."  The court

27  has also attached to this Order an example of an "Exhibit List."  Each party must create

28  an Exhibit List that is substantially similar to the attached form and, prior to trial, must

                                          3

1  list the number of each exhibit the party intends to offer at trial and briefly describe each

2  such exhibit.

3      14. No less than **2 court days** before the start of **trial**, each party must deliver to

4  chambers, in looseleaf binders, a sufficient number of complete sets of all documentary

5  exhibits to ensure that the judge, his law clerk, and each juror will have their own set of

6  documentary exhibits during trial. These sets are in addition to exhibits counsel will

7  officially submit to the courtroom deputy at trial and any copies of exhibits counsel will

8  want to show witnesses on the stand. All exhibits must be premarked for identification

9  according to the system set forth herein.

10

11                          **EVIDENTIARY MOTIONS**

12      15. No less than **12 court days** before the final pretrial conference, counsel must

13  meet and confer to resolve any objections to the use of witnesses, deposition excerpts,

14  and/or exhibits.

15      16. The court will entertain foundational objections as to any document only if (1)

16  the document is of real significance in adjudicating the merits of the case and (2)

17  objecting counsel articulates a principled basis for believing that the document is not what

18  it purports to be.

19      17. If, **after meeting and conferring**, a party continues to object to the admission

20  of evidence on either of the following foundational grounds: (1) the authenticity of a

21  document or exhibit, or (2) the qualifications of expert witnesses, the objecting party may

22  file a motion to exclude the evidence, along with any other motions in limine.

23      18. All motions in limine, including those referred to in paragraph **[paragraph**

24  **number preceding this one]**, must be filed, served and lodged separately with chambers

25  no less than **10 court days** before the final pretrial conference. Failure to file a timely

26  objection may waive a party's right to challenge the admissibility of evidence at trial.

27

28

1    19. No less than **5 court days** before the final pretrial conference, oppositions to

2   evidentiary motions must be filed, served, and separately lodged with chambers. There

3   will be no replies.

4

5                               **VOIR DIRE**

6    20. Counsel must meet to prepare a **joint** set of voir dire questions.

7    21. No less than **10 court days** before the final pretrial conference, the parties

8   must file **jointly** a set of voir dire questions they would propose the court to ask. (Note:

9   The court has attached to this order a short list of basic questions which the court will ask

10  the potential jurors in open court.) The parties also must deliver a copy of the proposed

11  voir dire questions directly to chambers. The parties also must describe any request to

12  conduct limited voir dire by counsel, setting forth each proposed question and justifying

13  why the question should be asked by counsel rather than the court.

14   22. Proposed voir dire questions about which the parties cannot agree also must be

15  set forth in the parties' **joint** submission. In the parties' **joint** submission, (1) the

16  proponent of the question must set forth succinctly the basis for his or her request that the

17  question be asked, with citation to authority, and immediately thereafter, (2) the party

18  opposing use of the question must set forth succinctly the basis for his or her opposition,

19  with citation to authority.

20

21                         **JURY INSTRUCTIONS**

22   23. Counsel must meet to prepare a **joint** set of case-specific jury instructions.

23   24. No later than **15 court days** before the final pretrial conference, the parties

24  must file their **joint** set of proposed **case-specific** jury instructions. The parties also must

25  deliver two copies of the proposed jury instructions directly to chambers. The parties

26  must not submit generic instructions; the court uses the instructions approved by the

27  Ninth Circuit for these purposes.

28

1    25. Proposed jury instructions about which the parties cannot agree also must be

2    set forth in the parties' **joint** submission.  In the parties' **joint** submission, (1) the

3    proponent of the instruction must set forth succinctly the basis for his or her request that

4    the instruction be given, with citation to authority, and immediately thereafter, (2) the

5    party opposing use of the instruction must set forth succinctly the basis for his or her

6    opposition, with citation to authority.

7

8    ## JOINT PRETRIAL STATEMENTS

9    26. Counsel must meet to prepare a **joint** pretrial statement.  The parties must file

10   the **joint** pretrial statement no later than **15 court days** before the final pretrial

11   conference.  Counsel also must deliver two copies of the statement directly to chambers.

12   The joint pretrial statement must contain the following information:

13       a.    a succinct chronological description of the alleged events and circumstances

14           out of which the parties' claims and defenses arise;

15       b.    a brief description of the substance of claims and defenses that remain to be

16           decided, citing the primary sources of legal authority for each such claim or

17           defense;

18       c.    a statement of the relief requested, itemizing the elements of damages

19           claimed;

20       d.    a statement of any stipulations proposed for pretrial and trial purposes.

21

22   ## PRESENTATION TIME LIMITS

23   27. Counsel are advised that at the final pretrial conference the court <u>will</u> impose

24   time limitations on each side's presentation at trial.  Usually, the court imposes "over-all"

25   limits on each side (e.g., 12 hours each), meaning that each party may use the allotted

26   time in whatever manner the party chooses, *e.g.,* making an opening statement,

27   conducting direct and cross-examination, entering documents, performing

28   demonstrations, making closing argument, etc.  Accordingly, counsel must attempt to

generate a joint proposal with respect to what amount of time will be necessary to present this case, and must be prepared to justify their proposal(s) at the final pretrial conference.

## **SETTLEMENT**

28. The court strongly suggests that the parties continue discussing settlement of the case, exploring in good faith all reasonable settlement options. If the parties are interested, the undersigned will refer the case to an administrator who will seek to identify a mediator or a settlement judge who would be available to facilitate negotiations.

IT IS SO ORDERED.


DATED: _____                        _____
                                            Wayne D. Brazil
                                            United States Magistrate Judge

Copies to:
        All parties
        WDB, Stats

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL**

**SETTLEMENT CONFERENCE STANDING ORDER**

**I.**    **Scheduling**

A.    Settlement conferences hosted by Judge Brazil usually are held on Monday, Tuesday, or Thursday afternoons beginning at either 1:00 p.m. or 2:00 p.m.   Participants are to appear in Courtroom 4 on the third floor of the United States Courthouse at 1301 Clay Street in Oakland, CA.

B.    To schedule a settlement conference, or to ask to move a settlement conference already scheduled, counsel are to contact Judge Brazil's Administrative Law Clerk by phone at (510) 637-3324.

**II.**    **Counsel Must Meet and Confer, In Person or by Phone, Before Preparing Their Written Settlement Conference Statements.**

No fewer than ten court days before the settlement conference, counsel for the anticipated participants must meet and confer (in person or voice to voice) to discuss matters pertinent to improving the prospects that the settlement negotiations will be productive.   In these discussions counsel may address any subjects they feel are appropriate – but they must discuss the following:

A.    Who will attend the conference on behalf of each party, identifying the lawyer and the client representative, as well as any other persons.

B.    Which persons or entities must approve a proposed settlement agreement before it can be executed; the nature and duration of that approval process; the standards or criteria generally applied in it; and any

1

foreseeable barriers to approval or special concerns that the approving authority might want addressed.

C.  Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; whether any insurer will have a representative at the settlement conference and, if so, the name of and position held by each such representative.

D.  Whether it would be useful for settlement demands and/or offers to be made before the settlement conference is convened; and whether the parties might want to consider "structured settlements" and, if so, whether experts in structuring settlements should develop proposals in advance and/or attend the conference.

E.  Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

F.  Whether one or more of the parties will ask that the negotiations include any non-monetary items and/or trades or payments in kind; if so, what any such non-monetary items would be (e.g., reinstatement of employment, a job-reassignment or promotion, retirement status or benefits, other fringe benefits, a letter of recommendation, an apology, a joint venture, a buy-out, a licensing agreement, providing products at no cost or discounts, a press release, etc.).

G.  Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel should be alerted to before the settlement conference.

///

///

///

2

**III.    Confidential Written Settlement Conference Statements.**

A.    Unless otherwise ordered, **no fewer than seven (7) court days before the settlement conference** each party must deliver to the office of the Clerk of the Court in Oakland (4th Floor, 1301 Clay Street) a **Confidential Settlement Conference Statement** that addresses all matters listed in subparagraph C., below. **The caption must instruct the Clerk to lodge but not file the Statement.**

*Failure to timely submit a settlement conference statement may result in sanctions.*

B.    Parties are **not required to serve** other parties with copies of their Confidential Settlement Conference Statement.

C.    The **Confidential Settlement Conference Statement,** which may not exceed fifteen (15) pages of text and fifteen (15) pages of exhibits, **must include** the following:

(i)    a brief chronological statement of the facts of the case;

(ii)    a brief statement of the principal claims and defenses;

(iii)    a description of the major factual and legal issues that are in dispute;

(iv)    separately for each principal claim and defense, a forthright evaluation of the likelihood that the party submitting the Statement will prevail;

(v)    the bases for any damages calculations, and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands;

(vi)    a summary of the proceedings to date and a description of any pending motions;

(vii)    an estimate of the expenses and fees that are likely to be incurred in completing discovery, pretrial, and trial;

3

(viii)  a history of past settlement negotiations (without revealing communications whose disclosure to a settlement judge is prohibited), a description of the principal obstacles (factual, legal, or other) to reaching agreement, and the reasons the parties' assessments of the case's settlement value differ;

(ix)  each component of each party's most recently communicated settlement demand or offer (describing specifically any non-monetary terms that were demanded or offered);

(x)  a settlement figure or terms that, given all the circumstances, is realistic and that the party submitting the Statement would consider seriously; and

(xi)  a brief discussion of any of the subjects identified in Section II of this Order that might be significant in the settlement dynamic.

## IV.  Required Attendance at Settlement Conferences.

A.  Lead trial counsel must appear at the Settlement Conference with the parties and with the person or persons having full authority to negotiate and to settle the case.

B.  In all cases where an insurance company's agreement would be necessary to achieve a settlement, the carrier's claims representative, with **full authority** to negotiate up to the limits of coverage, also must attend the Settlement Conference.

C.  When a party's final authority to agree to terms of settlement is vested in a governing body, at least **seven (7) court days** before the conference counsel for that party must communicate in writing to Magistrate Judge Brazil and to counsel for other parties how (through whom) the governing body will appear. In addition, counsel must describe the procedure that would be followed in securing that body's consideration of proposed settlement terms.

D.    A person **seeking to be excused from appearing in person** at a settlement conference must deliver, **no fewer than seven (7) court days before the conference**, a letter to the Magistrate Judge, simultaneously delivering copies to all counsel. The letter must:

(I) explain in detail why attendance in person would impose an extraordinary or otherwise unjustifiable hardship;

(ii) explain why the fact that the person would not attend in person would have no adverse impact on the parties' and the court's ability to pursue and achieve the purposes of a settlement conference;

(iii) state realistically the amount in controversy in the case;

(iv) indicate whether the other parties oppose or do not oppose the request; and

(v) be accompanied by a proposed order.

E.    Within two (2) court days of receiving a copy of another person's request to be excused from attending a settlement conference in person, a party who opposes the request must deliver (by fax or otherwise) simultaneously to all other parties and to Magistrate Judge Brazil a writing that details the grounds for the objection. Judge Brazil's fax number is 510-637-3327.

F.    **A party who is excused from appearing in person must** be available to **participate by telephone** throughout the conference. *Failure to be available for participation by phone for the full duration of the conference may result in imposition of sanctions.*

**V.    Requests for Continuances**.

A.    Any request to continue a settlement conference must be submitted in writing at least seven (7) court days in advance and only after consultation with all other parties. The request must indicate whether it is joined or opposed by the other parties.

5

B.   If the date to which a continuance is sought would be past a deadline for holding the settlement conference that was set by the judge to whom the case is assigned for trial, the party seeking the continuance must secure permission from that judge to hold the settlement conference during the proposed new time frame <u>before seeking the continuance from Magistrate Judge Brazil</u>. A writing evidencing the assigned judge's extension of the deadline must accompany the party's request to Judge Brazil for the continuance.

## VI.  <u>Notification that Case Terminated Before Settlement Conference.</u>

The parties must notify Judge Brazil's administrative law clerk immediately if they settle their case or it is otherwise terminated before the date set for the settlement conference.


IT IS SO ORDERED.

Dated:   September 15, 2003                    /s/  Wayne D. Brazil
                                               WAYNE D. BRAZIL
                                               United States Magistrate Judge

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER**

**U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL**

**<u>Criminal Matters</u>**

1.      Subject to published Notices of Unavailability,[1] **the master criminal calendar for Oakland venued cases is held Monday through Friday, beginning at 10:00 a.m.**, in Courtroom 4, Third Floor, United States Courthouse, 1301 Clay Street, Oakland, California.

2.      **Requests to add matters to or continue matters on the criminal calendar** must be directed to Magistrate Judge Brazil's **Courtroom Deputy, Ivy Garcia, at (510) 637-3639.**

The court will try to accommodate reasonable "last minute" requests to add matters to the 10:00 a.m. criminal calendar. The court requests, however, that counsel, the probation officer, or the pretrial services officer bring to court at least two extra

---

[1]Notices of Unavailability are posted in the clerk's office and published in the Recorder, the Daily Journal, and on the Court's internet site at http://www.cand.uscourts.gov.

1

1     copies of any pertinent documents so that the parties and the judge will have the
2     information needed for the proceeding.

3         The clerk's office requires **24 hours notice** for all matters requiring an
4     **interpreter**.

5

6     3.      Subject to published Notices of Unavailability, Magistrate Judge Brazil usually
7     is available Monday through Friday after the master criminal calendar -- typically,
8     about 11:15 a.m. -- **to review proposed criminal complaints or applications for**
9     **warrants**. Attorneys or agents who cannot present their papers at this time must call
10     Ms. Garcia, <u>in advance,</u> at (510) 637-3639, to determine when the Magistrate Judge
11     will be available to consider their requests.

12

13

14                                **<u>Civil Matters</u>**

15

16     4.      **Civil matters may be placed on the Magistrate Judge's calendar only by his**
17     **administrative law clerk, who can be reached at (510) 637-3324**. Before noticing
18     any matter on the Magistrate Judge's calendar, parties must reserve a specific date and
19     time with the administrative law clerk. In most instances, civil law and motion matters
20     are heard on Wednesday afternoons. Unless otherwise ordered in a particular matter,
21     motion practice is governed by the Civil Local Rules, which are available from the
22     Clerk's Office and on the court's internet site at: http://www.cand.uscourts.gov.

23

24     5.      Except as noted in paragraph 6, below, **discovery disputes** will be handled
25     according to the provisions of the Civil Local Rules. Specific questions about
26     situations not addressed by the Local Rules may be directed to the administrative law
27     clerk at (510) 637-3324.

28

6.    **If a dispute arises during a discovery event** the parties must attempt to resolve the matter without judicial intervention by conferring in good faith. If good faith negotiations between the parties fail to resolve the matter, and if disposition of the dispute during the discovery event likely would result in substantial savings of expense or time, counsel or a party may call the administrative law clerk at (510) 637-3324 to determine whether Magistrate Judge Brazil is available to address the problem through a telephone conference during the discovery event.

7.    After the <u>initial</u> case management conference, parties usually **may elect to appear by phone** at hearings or conferences in civil matters that do not involve the taking of evidence or settlement negotiations. A party who wishes to appear by phone must secure permission in advance from Judge Brazil's administrative law clerk. If more than one party will appear by phone, the clerk will designate the party whose counsel must initiate the conference call, get all parties on the line, then call the court's **conference line at (510) 637-3326** at the time noticed for the appearance.

8.    All filings related to civil motions <u>referred</u> to Magistrate Judge Brazil (i.e., motions in cases assigned for trial to another judge) must **set forth in the caption** or prominently at the beginning of the filing the **civil case number and the District Judge's initials followed by the designation "(WDB)"**.

9.    When **motions** have been **referred** to Judge Brazil **by a District Judge who sits in San Francisco** the parties must file the original and a chambers copy of pertinent documents in the Clerk's Office in San Francisco but also **must deliver an additional copy directly to the Clerk's Office in Oakland for Judge Brazil.** See Civil Local Rule 5-1(b).

10.   **In all "E-Filing" cases:** when filing papers in connection with any motion for determination by the judge, if the length of the motion (or opposition) and supporting

documents exceeds ten pages, the parties must, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. These printed copies must be marked "Chambers Copy" and must be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

11.    Motions for **summary judgment** must be accompanied by a statement of the material facts not in dispute, supported by citations to admissible evidence. The parties must file a joint statement of undisputed facts where possible. If the parties are unable to reach complete agreement after meeting and conferring, they must file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional material facts that the party contends are not subject to genuine dispute.

12.    **Unless specifically requested, the court does not provide a court reporter for most pre-trial proceedings.** The court records the proceedings on audiotape, a copy of which may be obtained by submitting a request to the clerk's office, accompanied by a check for $26.00 payable to the District Court. Each such request must include the title and number of the case, as well as the date and time of the proceeding for which a copy of the tape is requested.

**A party who wishes to have a court reporter present for a pretrial proceeding in a civil matter must notify Judge Brazil's administrative law clerk (at 510-637-3324) at least two weeks before the date set for the proceeding.**

13.    Parties are reminded that most procedural questions are answered in the Federal Rules of Civil Procedure, the Local Rules, or this Standing Order. Parties should not contact Chambers for answers to procedural questions without first carefully examining

4

1    the **current** provisions of these authorities.   Current versions of the Local Rules and

2    this   Standing   Order   are   published   on   the   Court's   internet   site   --

3    http://www.cand.uscourts.gov.

4

5                            **<u>Settlement Conferences</u>**

6    14.   Scheduling:

7          A.    Settlement conferences hosted by Judge Brazil usually are held on

8                Monday, Tuesday, or Thursday afternoons beginning at either 1:00 p.m.

9                or 2:00 p.m.   Participants are to appear in Courtroom 4 on the third floor

10               of the United States Courthouse at 1301 Clay Street in Oakland, CA.

11         B.    To schedule a settlement conference, or to ask to move a settlement

12               conference already scheduled, counsel are to contact Judge Brazil's

13               Administrative Law Clerk by phone at (510) 637-3324.

14

15   15.   <u>Counsel Must Meet and Confer, In Person or by Phone, Before Preparing Their</u>

16         <u>Written Settlement Conference Statements.</u>

17         No fewer than <u>ten court days before the settlement conference</u>, counsel for the

18   anticipated participants must meet and confer (in person or voice to voice) to discuss

19   matters pertinent to improving the prospects that the settlement negotiations will be

20   productive.   In these discussions counsel may address any subjects they feel are

21   appropriate – but they <u>must discuss</u> the following:

22         A.    Who will attend the conference on behalf of each party, identifying the

23               lawyer and the client representative, as well as any other persons.

24         B.    Which persons or entities must approve a proposed settlement agreement

25               before it can be executed; the nature and duration of that approval

26               process; the standards or criteria generally applied in it; and any

27               foreseeable barriers to approval or special concerns that the approving

28               authority might want addressed.

C.     Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; whether any insurer will have a representative at the settlement conference and, if so, the name of and position held by each such representative.

D.     Whether it would be useful for settlement demands and/or offers to be made before the settlement conference is convened; and whether the parties might want to consider "structured settlements" and, if so, whether experts in structuring settlements should develop proposals in advance and/or attend the conference.

E.     Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

F.     Whether one or more of the parties will ask that the negotiations include any non-monetary items and/or trades or payments in kind; if so, what any such non-monetary items would be (e.g., reinstatement of employment, a job-reassignment or promotion, retirement status or benefits, other fringe benefits, a letter of recommendation, an apology, a joint venture, a buy-out, a licensing agreement, providing products at no cost or discounts, a press release, etc.).

G.     Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel should be alerted to before the settlement conference.

16.    Confidential Written Settlement Conference Statements:

A.     Unless otherwise ordered, **no fewer than seven (7) court days before the settlement conference** each party must deliver to the office of the Clerk of the Court in Oakland (4th Floor, 1301 Clay Street) a **Confidential Settlement Conference Statement** that addresses all matters listed in

subparagraph C., below. **The caption must instruct the Clerk to lodge but not file the Statement.**

*Failure to timely submit a settlement conference statement may result in sanctions.*

B.   Parties are **not** **required to serve** other parties with copies of their Confidential Settlement Conference Statement.

C.   The **Confidential Settlement Conference Statement,** which may not exceed fifteen (15) pages of text and fifteen (15) pages of exhibits, **must include** the following:

(I)    a brief chronological statement of the facts of the case;

(ii)   a brief statement of the <u>principal</u> claims and defenses;

(iii)  a description of the <u>major</u> factual and legal issues that are in dispute;

(iv)   separately for each principal claim and defense, a forthright evaluation of the likelihood that the party submitting the Statement will prevail;

(v)    the bases for any damages calculations, and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands;

(vi)   a summary of the proceedings to date and a description of any pending motions;

(vii)  an estimate of the expenses and fees that are likely to be incurred in completing discovery, pretrial, and trial;

(viii) a history of past settlement negotiations (without revealing communications whose disclosure to a settlement judge is prohibited), a description of the principal obstacles (factual, legal, or other) to reaching agreement, and the reasons the parties' assessments of the case's settlement value differ;

7

—

(ix) each component of each party's most recently communicated settlement demand or offer (describing specifically any non-monetary terms that were demanded or offered);

(x)  a settlement figure or terms that, given all the circumstances, is realistic and that the party submitting the Statement would consider seriously; and

(xi) a brief discussion of any of the subjects identified in Section II of this Order that might be significant in the settlement dynamic.

17. Required Attendance at Settlement Conferences:

A. <u>Lead trial counsel</u> must appear at the Settlement Conference with the <u>parties</u> <u>and</u> with the person or <u>persons having full authority to negotiate and to settle the case</u>.

B. In all cases where an insurance company's agreement would be necessary to achieve a settlement, the <u>carrier's claims representative</u>, with **full authority** to negotiate up to the limits of coverage, also must attend the Settlement Conference.

C. When a party's final authority to agree to terms of settlement is vested in a <u>governing body</u>, at least **seven (7) court days** before the conference counsel for that party must communicate in writing to Magistrate Judge Brazil and to counsel for other parties <u>how (through whom) the governing body will appear</u>. In addition, counsel must describe the procedure that would be followed in securing that body's consideration of proposed settlement terms.

D. A person **seeking to be excused from appearing in person** at a settlement conference must deliver, **no fewer than seven (7) court days before the conference**, a letter to the Magistrate Judge, simultaneously delivering copies to all counsel. The letter must:

(I) explain in detail why attendance in person would impose an extraordinary or otherwise unjustifiable hardship;

(ii) explain why the fact that the person would not attend in person would have no adverse impact on the parties' and the court's ability to pursue and achieve the purposes of a settlement conference;

(iii) state realistically the amount in controversy in the case;

(iv) indicate whether the other parties oppose or do not oppose the request; and

(v) be accompanied by a proposed order.

E.    Within two (2) court days of receiving a copy of another person's request to be excused from attending a settlement conference in person, a party who opposes the request must deliver (by fax or otherwise) simultaneously to all other parties and to Magistrate Judge Brazil a writing that details the grounds for the objection.   Judge Brazil's fax number is 510-637-3327.

F.    **A party who is excused from appearing in person <u>must</u>** be available to **participate by telephone** <u>throughout the conference</u>. *Failure to be available for participation by phone for the full duration of the conference  may result in imposition of sanctions.*

18.    Requests for Continuances:

A.    Any request to continue a settlement conference must be submitted in writing at least seven (7) court days in advance and only after consultation with all other parties. The request  must indicate whether it is joined or opposed by the other parties.

B.    If the date to which a continuance is sought would be past a deadline for holding the settlement conference that was set by the judge to whom the case is assigned for trial, the party seeking the continuance must secure permission from that judge to hold the settlement conference during the

1    proposed new time frame <u>before seeking the continuance from Magistrate</u>
2    <u>Judge Brazil</u>. A writing evidencing the assigned judge's extension of the
3    deadline must accompany the party's request to Judge Brazil for the
4    continuance.

5

6    19.    Notification that Case Terminated Before Settlement Conference.

7    The parties must notify Judge Brazil's administrative law clerk immediately if
8    they settle their case or it is otherwise terminated before the date set for the settlement
9    conference.

10    IT IS SO ORDERED.

11    Dated:   November 10, 2003              /s/  Wayne D. Brazil
12                                            WAYNE D. BRAZIL
                                             United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

───────────────────────────

ORDER OF THE CHIEF JUDGE

───────────────────────────

IN RE: ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES

When the Electronic Case Filing (ECF/e-filing) program was established for civil cases in January 2003 (see generally General Order 45), the court's practice was to exclude from the e-filing program cases in which any party was not represented by an attorney. Pursuant to Part III of General Order 45, the court's ECF webpage provided: "All cases involving pro se parties are excluded from the e-filing program and must be filed entirely in paper, unless otherwise ordered by the court."

Effective immediately, cases with unrepresented party litigants in which at least one party is represented by an attorney will no longer be excluded from the e-filing program. All *represented* parties will e-file their submissions to the court on the same basis as in cases not involving pro se litigants and in compliance with all parts of General Order 45. *Represented* parties will be required to serve paper copies by mail on *unrepresented* parties only. As before, unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is obtained from the assigned judge in a particular case.

IT IS SO ORDERED.

Date:  May 11, 2007

Vaughn R Walker
United States District Chief Judge