BRUCE A. KILDAY, ESQ., SB No. 066415
  Email: Bkilday@akk-law.com
JOHN A. WHITESIDES, SB No. 125611
  Email: Jwhitesides@akk-law.com
SUSAN A. DeNARDO, SB No. 235166
  Email: Sdenardo@akk-law.com
**ANGELO, KILDAY & KILDUFF**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

BRIEN J. FARRELL, City Attorney, SB No. 088318
  Email: BFarrell@ci.santa-rosa.ca.us
CAROLINE A. FOWLER, Assistant City Attorney, SB No. 110313
  Email: CFowler@ci.santa-rosa.ca.us
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404
Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for Defendants CITY OF SANTA ROSA, BRAD CONNERS (sued herein as BRAD CONNORS), OFFICER JENEANE KUCKER (sued herein as OFFICER HOOD), and LT. JON FEHLMAN (sued herein as JOHN FELMAN)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORALEE ANDERSON-FRANCOIS, | Case No.: C08-00724 WHA |
| Plaintiff, | **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| COUNTY OF SONOMA, CITY OF SANTA ROSA, JERRY NEWMAN, BRAD CONNORS, OFFICER HOOD, JOHN FELMAN, and Does 1-25, | |
| Defendants. | |

Defendants CITY OF SANTA ROSA, BRAD CONNERS, OFFICER JENEANE KUCKER, and JON FEHLMAN answer the Complaint as follows:

1. Answering paragraphs 1 and 2, Defendants admit that this Court has jurisdiction over the allegations in the complaint, but deny that these answering Defendants caused the deprivation of any of Plaintiff's rights.

2. Answering paragraph 3, Defendants admit that venue is proper in the Northern District, but deny that these answering Defendants caused the deprivation of any of Plaintiff's rights.

3. Answering paragraphs 5, 6, 9 and 10, Defendants admit the allegations therein contained.

4. Answering paragraph 4, 7 and 8, Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in these paragraphs and, upon such lack of information and belief, deny each and every allegation therein contained.

5. Answering paragraph 11, Defendants admit the City of Santa Rosa, in conjunction with the laws of the State of California and the United States of America, establishes policies and practices for the Santa Rosa Police Department. With the exception of said specific admission, Defendants deny the balance of the allegations in said paragraph.

6. Answering paragraph 12, Defendants deny each and every allegation therein contained.

7. Answering paragraph 13, Defendants admit that Detective Brad Conners was a police officer, acting under color of state law, but deny the balance of the allegations contained in said paragraph, including any inference that his actions violated the Constitutional rights of the Plaintiff.

8. Answering paragraph 14, Defendants admit that the officer formerly known as Hood was a police officer, acting under color of state law, but deny the balance of the allegations contained in said paragraph, including any inference that his actions violated the Constitutional rights of the Plaintiff.

9. Answering paragraph 15, Defendants admit that Jon Fehlman was a sergeant in

the Santa Rosa Police Department during the time alleged in the Complaint and has the supervisorial authority of that rank within the Santa Rosa Police Department. With the exception of said specific admission, Defendants deny each and every allegation in the balance of the paragraph.

10. Answering paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38 and 39, Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in these paragraphs and, upon such lack of information and belief, deny each and every allegation therein contained.

11. Answering paragraph 40, Defendants admit that Sgt. Fehlman had a conversation with Newman and another individual about the Plaintiff in late December 2005. Defendants deny that Sgt. Fehlman sent any police officers to assist CPS, and further deny the balance of the allegation in said paragraph.

12. Answering paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56 and 59, Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in these paragraphs and, upon such information and belief, deny each and every allegation therein contained.

13. Answering paragraph 57, Defendants state that Officer Hood was present only to provide transportation and therefore deny that she participated in any joint agreement. Defendants admit that Detective Conners observed interviews and talked with Newman about the removal of the minors. Defendants admit that Sgt. Fehlman was informed of the decision to remove the minors. With the exception of said specific admissions, Defendants deny each and every allegation contained in the balance of the paragraph.

14. Answering paragraph 58, Defendants admit that Detective Conners participated in the removal of the minors, without a warrant, based on the belief that the minors were in imminent risk of serious injury. With the exception of specific said admissions, Defendants deny the balance of the allegations in said paragraph.

15. Answering paragraphs 60, 61, 62, 63, 64, 65 and 66, Defendants deny each and every allegation contained in said paragraphs.

**AS AND FOR FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES THERETO, DEFENDANTS ALLEGE AS FOLLOWS:**

1. That at all times mentioned in the Complaint on file herein, and immediately prior thereto, Defendants, and each of them, acted in good faith;.

2. Defendants contend that they cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusionary terms used in Plaintiff's Complaint. Accordingly, Defendants expressly reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable;

3. That Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata;

4. Defendants assert that if Defendants, or any of them, are adjudged, decreed, or otherwise determined to be liable to Plaintiff, then in that event, Defendants will be entitled to apportion the degree of its fault or responsibility for said incident attributable to the Plaintiff or to any other defendants named herein or yet to be named. The amount of damages attributable to these answering Defendants is to be abated, reduced, or eliminated to the extent that the Plaintiff's own negligence, or the negligence of any other defendant, contributed to the Plaintiff's claimed damages, if any there were. This apportionment of damages is to be administered in accordance with the principles of equity and pursuant to the doctrine of comparative negligence and pursuant to Civil Code Section 1431.2;

5. Defendants assert that the allegations contained in Plaintiff's Complaint do not rise to the level of a constitutional violation;

6. Defendants, and each of them, assert that Plaintiff was given, or had available to her, available due process for each of the alleged deprivations of his constitutional rights and have therefore failed to state a claim upon which relief can be granted under 42 USC Section 1983;

7. Defendants contend that the Plaintiff has failed to mitigate her damages, if any there are;

8. Defendants contend that the Complaint, and each alleged cause of action therein, failed to allege facts sufficient to constitute a cause of action against these answering Defendants.

9. The Complaint fails to state a claim against these answering Defendants, or any of them, upon which relief can be granted;

10. Defendants assert that they are immune from liability as a result of executive and/or legislative and/or judicial immunity under the common law, United States statutes, and the opinions of the State and Federal Courts interpreting these laws;

11. Defendants claim and plead the immunities from liability for any and all injuries and damages alleged in the Complaint on file herein, the defenses and all rights granted to them, and each of them, by virtue of the provisions of California Government Code Sections 810-996.6, inclusive;

12. The Defendants, and each of them, are immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code Section 43.55;

13. At all times mentioned in the Complaint on file herein, and immediately prior to, Defendants, and each of them, acted with probable cause;

14. Defendants claim all defenses and immunities provided by the United States Code Section sued upon by the Plaintiff and any code sections related thereto or cases coming thereunder;

15. Defendants contend that they relied, reasonably and in good faith, on information and assertions provided to them by representatives of Child Protective Services;

16. At all times mentioned in the Complaint on file herein, and immediately prior thereto, Defendants, and each of them, acted reasonably.

17. The individual answering Plaintiff neither knew nor had reason to know that their acts and/or omissions, as alleged in the Complaint, would violate any clearly established federal right on the part of Plaintiff, entitling each of them to qualified good faith immunity.

**WHEREFORE, DEFENDANTS PRAY FOR JUDGMENT AS FOLLOWS**:

1. That Plaintiff take nothing by his complaint;
2. That Plaintiff's complaint be dismissed in its entirety with prejudice;
3. That Defendants be awarded cost of suit incurred in this action;
4. That Defendants be awarded attorney's fees; and
5. For such other and further relief as the Court may deem just and proper.

Dated: May 5, 2008                ANGELO, KILDAY & KILDUFF

                                   */s/ Bruce A. Kilday*
                                  By:_____
                                     BRUCE A. KILDAY
                                     JOHN A. WHITESIDES
                                     SUSAN A. DeNARDO
                                     Attorneys for Defendants CITY OF
                                     SANTA ROSA, BRAD CONNERS,
                                     OFFICER JENEANE KUCKER , and
                                     LT. JON FEHLMAN

Dated: May 5, 2008                CITY OF SANTA ROSA

                                   */s/ Caroline A. Fowler*
                                  By:_____
                                     BRIEN J. FARRELL
                                     CAROLINE A. FOWLER
                                     Attorneys for Defendants CITY OF
                                     SANTA ROSA, BRAD CONNERS,
                                     OFFICER JENEANE KUCKER , and
                                     LT. JON FEHLMAN

**DEMAND FOR JURY TRIAL**

Defendants CITY OF SANTA ROSA, BRAD CONNERS, OFFICER JENEANE KUCKER, and JON FEHLMAN hereby respectfully request a jury trial in the above-referenced matter.

Dated: May 5, 2008　　　　　　　　　　　　ANGELO, KILDAY & KILDUFF

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Bruce A. Kilday
　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　　BRUCE A. KILDAY
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants CITY OF
　　　　　　　　　　　　　　　　　　　　　　SANTA ROSA, BRAD CONNERS,
　　　　　　　　　　　　　　　　　　　　　　OFFICER JENEANE KUCKER, and
　　　　　　　　　　　　　　　　　　　　　　LT. JON FEHLMAN


Dated: May 5, 2008　　　　　　　　　　　　CITY OF SANTA ROSA

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Caroline A. Fowler
　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　　BRIEN J. FARRELL
　　　　　　　　　　　　　　　　　　　　　　CAROLINE A. FOWLER
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants CITY OF
　　　　　　　　　　　　　　　　　　　　　　SANTA ROSA, BRAD CONNERS,
　　　　　　　　　　　　　　　　　　　　　　OFFICER JENEANE KUCKER, and
　　　　　　　　　　　　　　　　　　　　　　LT. JON FEHLMAN