DANA A. SUNTAG (California State Bar #125127)
SUNTAG & FEUERSTEIN
A Professional Corporation
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905
Dana@Suntag-Feuerstein.com

STEVEN WOODSIDE (California State Bar #58684)
County Counsel
BRUCE D. GOLDSTEIN (California State Bar #135970)
Assistant County Counsel
TAMBRA L. CURTIS (California State Bar # 157205)
Deputy County Counsel
OFFICE OF THE COUNTY COUNSEL
 OF SONOMA
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Facsimile: (707) 565-2624

Attorneys for Defendants
COUNTY OF SONOMA and
JERRY NEWMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORALEE ANDERSON-FRANCOIS, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SONOMA, et al., <br><br> Defendants. | No. C08-00724 WHA <br><br> **DEFENDANTS COUNTY OF SONOMA AND JERRY NEWMAN'S ANSWER TO UNVERIFIED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants County of Sonoma and Jerry Newman (collectively, the "County Defendants"), for themselves only, answering the unverified Complaint filed on January 31, 2008, admit, deny, and allege as follows:

1. The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11, 12-15, 19, 20, 22, 23, 60, 61, 62, 64, and 66, and, on that ground, deny each allegation contained in those paragraphs.

2. The County Defendants admit the allegations contained in paragraphs 4, 6, 9, 10, 18, 21, 26, 27, 28, 31-35, 37-38, 42-46, and 48-56.

3. The County Defendants deny the allegations contained in paragraph 5, 16, 17, 30, 39, 63, and 65.

4. In response to paragraphs 1 and 2, the County Defendants admit this Court has subject matter jurisdiction over this case but deny they are responsible for any deprivation of rights.

5. In response to paragraph 3, the County Defendants admit that venue is proper but they deny that each of the allegations contained in the Complaint occurred.

6. In response to paragraph 7, the County Defendants admit that the County promulgated and administered policies and procedures that apply to its employees; the County Defendants deny each remaining allegation contained in the paragraph.

7. In response to paragraph 8, the County Defendants admit that at all relevant times Jerry Newman was a social worker employed by the County.

8. In response to paragraph 24, the County Defendants admit that Lucas left the family home and began to live at the Panoskis; the County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that both of the boys' grades in school began a downward spiral after they left

ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL

2

1 Plaintiff's home; the County Defendants deny each remaining allegation in the
2 paragraph.
3     9.    In response to paragraph 25, the County Defendants admit that
4 Plaintiff called the police and filed a missing persons report and that the police
5 responded to the Panoski home and did not remove the child; the County Defendants
6 deny each remaining allegation contained in the paragraph.
7     10.    In response to paragraph 29, the County Defendants admit that
8 Lucas claimed he had previously told school teachers about Plaintiff abusing him and
9 that Mark stated he had told a counselor and a school teacher about the alleged
10 beatings in his mother's home and that all school teachers and counselors/therapists in
11 California are mandated reporters; the County Defendants are without knowledge or
12 information sufficient to form a belief as to the truth of the allegation that Plaintiff had
13 maintained a single family physician for almost two decades and that this mandated
14 reporter never saw anything justifying a response of abuse to CPS; the County
15 Defendants deny each remaining allegation contained in the paragraph.
16     11.    In response to paragraph 36, the County Defendants admit that
17 Plaintiff denied using a belt or extension cord and that she complained of racial
18 overtones in prior abuse investigations, that there had been eight prior referrals
19 regarding abuse received by the County licensing department and seven prior referrals
20 for abuse made to CPS, and that social worker Newman knew about the existence and
21 disposition of these referrals at the time of his December 21, 2005, interview of Mark,
22 Lucas, and Plaintiff; the County Defendants deny each remaining allegation contained
23 in the paragraph.
24     12.    In response to paragraph 40, the County Defendants admit that
25 there was a meeting that day, that Newman and Phillips went to Plaintiff's home to
26 discuss the allegations with her, that Plaintiff stated that both Mark and Lucas were
27 failing in school and Lucas was about to get kicked out of school, that Plaintiff
28

ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL     3

volunteered information about the backgrounds of the boys and other children she had raised, and that neither E.A. nor F.A. were removed that day; the County Defendants deny each remaining allegation contained in the paragraph.

13. In response to paragraph 41, the County defendants admit the allegations except they note that the "chance encounter" in the supermarket was on January 3, 2006, not January 3, 2005.

14. In response to paragraph 47, the County Defendants deny the allegation that "Newman accused F.A. of lying"; the County Defendants admit the remaining allegations contained in the paragraph.

15. In response to paragraph 57, the County Defendants deny that they jointly agreed that they would remove E.A. and F.A. (or either of them) from their mother's home or Mark and Lucas (or either of them).

16. In response to paragraph 58, the County Defendants admit on information and belief that E.A. and F.A. had been residing with Plaintiff during the six week investigation and that, on information and belief, there was no warrant for the removal; the County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the removal was without consent and, on that ground, deny the allegation; the County Defendants deny each remaining allegation contained in the paragraph.

17. In response to paragraph 59, the County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Lucas has completed his jail sentence; the County Defendants deny F.A. told Newman he did not understand why he was taken from his mother; the County Defendants admit the remaining allegations contained in the paragraph.

### FIRST AFFIRMATIVE DEFENSE

Each claim for relief fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose liability based on the doctrine of respondeat superior.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the doctrine of absolute immunity.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the doctrine of qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent in connection with the matters alleged in the Complaint, and such carelessness and negligence proximately caused and contributed to the loss and/or damage. Therefore, any damages awarded should be reduced in proportion to fault.

## SIXTH AFFIRMATIVE DEFENSE

The acts and/or omissions of third person(s) and/or entity(ies), negligent or otherwise, proximately caused or contributed to the loss and/or damage, if any, Plaintiff sustained or may sustain. Therefore, any liability should be reduced in proportion to the fault of third person(s) and/or entity(ies), including without limitation any non-economic losses or injuries caused by such third person(s) and/or entity(ies).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery to the extent she failed to mitigate her alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she failed to exhaust administrative remedies and/or failed to satisfy a condition precedent to a court action.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of loss or damage of the nature she claims to have sustained.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs is barred from recovery based on the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery based on the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

All of the County Defendants' actions towards Plaintiff were based on a good faith exercise of responsibility conferred on them.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of managerial immunity.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by privilege.

### FIFTEENTH AFFIRMATIVE DEFENSE

The County Defendants acted in good faith and with reasonable and probable cause in connection with the matters alleged in Plaintiff's Complaint and with the honest and reasonable belief that such actions were reasonable and necessary.

### SIXTEENTH AFFIRMATIVE DEFENSE

All of the County Defendants' actions towards Plaintiff were conducted with due care in the execution or enforcement of laws.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of consent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The County Defendants acted in good faith with probable cause and with the honest and reasonable belief that their actions were reasonable and necessary and

did not know that any actions taken by them would violate Plaintiff's constitutional rights.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrines of collateral estoppel and/or res judicata.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff was given, or had available to her, available due process for each of the alleged deprivations of her constitutional rights.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

At all relevant times, the County Defendants acted reasonably in connection with the matters alleged in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The County Defendants neither knew nor had reason to know that their acts and/or omissions would violate any clearly established federal right of Plaintiff's.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity based on the judicial or quasi-judicial functions of the County Defendants, including without limitation the fact that relevant conduct was judicially directed, approved, and/or ratified.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The County Defendants, or some of them, are immune from liability, in whole or in part, under Government Code Sections 820.2 and 821.6.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The County Defendants are not liable for any injuries caused by the act or omission of another person pursuant to Government Code Section 820.8.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Government Code Sections 818.8 and 822.2, the County Defendants, or some of them, are immune from liability for any injuries or damages caused by any negligent or intentional misrepresentations.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The County is not liable for Plaintiff's claims, or some of them, pursuant to California Government Code Section 815.2(b).

Wherefore, the County Defendants pray for judgment as follows:

1. That Plaintiff take nothing by her Complaint, and that her Complaint be dismissed with prejudice;

2. For attorneys' fees incurred, as allowed by law;

3. For costs incurred; and

4. For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: May 14, 2008

SUNTAG & FEUERSTEIN
A Professional Corporation

By:   /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for Defendants
COUNTY OF SONOMA and JERRY NEWMAN

## DEMAND FOR JURY TRIAL

Defendants County of Sonoma and Jerry Newman request a trial by jury of all issues that may be tried by a jury.

Dated: May 14, 2008

SUNTAG & FEUERSTEIN
A Professional Corporation

By: _/s/ Dana A. Suntag_
DANA A. SUNTAG
Attorneys for Defendants
COUNTY OF SONOMA and JERRY NEWMAN