FREDERICK P. FURTH (Cal. Bar. No. 38438)
ALEX C. TURAN (Cal. Bar. No. 227273)
JENNIFER C. MARLOWE (Cal. Bar. No. 242700)
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
Telephone:    (415) 433-2070
Facsimile:    (415) 982-2076

ROBERT R. POWELL (Cal. Bar. No. 159747)
THE LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San Jose, California 95126
Telephone:    (408) 553-0200
Facsimile:    (408) 553-0203

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORALEE ANDERSON-FRANCOIS<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SONOMA, CITY OF SANTA ROSA, JERRY NEWMAN, BRAD CONNORS, OFFICER HOOD, JOHN FELMAN, Does 1-25 Inclusive,<br><br>Defendants. | Case No. C-08-00724 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT NO. 1**<br><br>Date:  May 22, 2008<br>Time:  3:00 p.m.<br>Courtroom: 9, 19th Floor |

94345.1
JOINT CASE MANAGEMENT CONFERENCE STATEMENT NO. 1

In accordance with the Court's Standing Order and Civil Local Rule ("L.R.") 16-9, the parties respectfully submit this First Joint Case Management Conference Statement for consideration by the Court at the Initial Case Management Conference set for May 22, 2008.

### 1. Jurisdiction and Service:

Plaintiff brings this lawsuit pursuant to 42 U.S.C. Section 1983 to redress the alleged deprivation of rights secured to plaintiff under the United States Constitution, including the First, Fifth, and Fourteenth Amendments. Jurisdiction is conferred on this Court by 28 U.S.C. section 1343(a)(3) and 1343(a)(4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is also conferred by 28 U.S.C. Section 1331(a) because claims for relief derive from the United States Constitution and the laws of the United States.

Plaintiff has served all defendants in this action. Defendants City of Santa Rosa, Officer Brad Conners (sued herein as Brad Connors), Officer Jeneane Kucker (sued herein as Officer Hood), and Officer Jon Fehlman (sued herein as John Felman) (collectively, "City Defendants") agreed to waive service on March 14, 2008. Defendants County of Sonoma and Jerry Newman (the "County Defendants") were personally served on April 10, 2008.

### 2. Facts

This case was filed by plaintiff Oralee Anderson-Francois, a licensed foster mother for approximately twenty-five years, who alleges the unlawful removal of two of her adopted children, E.A. (a female, DOB 6-29-95), and F.A. (a male, DOB 1-6-92), in the absence of any immediate risk of serious bodily injury in violation of her rights of familial association under the 14th Amendment of the U.S. Constitution.

Defendant Jerry Newman is a Social Worker employed by the County of Sonoma. Defendants Connors, Felman, and Hood are police officers employed by the City of Santa Rosa.

Plaintiff alleges that on December 15, 2005, two of plaintiff's older adopted children who were not living in plaintiff's home, reported to Child Protective Services that they had been physically abused by plaintiff. One week later, on December 22, 2005, Mr. Newman interviewed plaintiff, F.A. and E.A. Plaintiff and E.A denied the allegations of physical abuse. Later, Newman met with E.A. again at school and she denied any knowledge of physical abuse. On January 17, 2006, Newman re-interviewed F.A. at his school and F.A. denied any knowledge of physical abuse. On February 1, 2006, the defendants removed E. A and F. A from plaintiff's residence without a warrant and without consent. F.A. and E.A were brought to a shelter and have remained out of plaintiff's custody and in a group home setting ever since.

The County Defendants allege that after the two children reported to CPS that Plaintiff had physically abused them, Social Worker Newman conducted a thorough investigation. Through this investigation, including interviews of Plaintiff's children, Mr. Newman alleges that he learned that Plaintiff had inflicted ritualistic and repeated illegal child abuse on her children, including on at least F.A. Such alleged abuse included whippings with an electrical extension cord and a belt, emotional abuse, and, in at least one instance, threatening a child by holding a gun to her head.

The City Defendants assert that the Police Department was asked by CPS to observe interviews of the children, and heard the minor children describe physical abuse that they had received. Detective Conners agreed with CPS Social Worker Newman that removal was appropriate under the circumstances. Officer Hood's involvement was limited to providing transportation after the decision to remove the children was made.

The County Defendants allege and assert that removal of E.A. and F.A. was, therefore, appropriate, warranted, and legal under the circumstances.

Neither Social Worker Newman nor anyone else from the County of Sonoma was present when the removal occurred.
94345.1 -3-
JOINT CASE MANAGEMENT CONFERENCE STATEMENT NO. 1

After the removal of E.A. and F.A., juvenile dependency proceedings were timely filed with the Sonoma County Superior Court (the "Dependency Proceedings"), which court issued certain orders with respect to E.A. and F.A. Defendants allege that further detention of E.A. and F.A. was (and continues to be) in accordance with the orders of the court in the Dependency Proceedings.

The case is at its inception. The parties are exploring the extent to which there may be factual issues in dispute.

**3.   Legal Issues**

A.   <u>Plaintiff's Statement of Legal Issues</u>: Plaintiff respectfully suggests that the legal issues include, but are not limited to:

1.   Whether plaintiff's constitutional rights to familial association were violated when defendants removed F.A. and E.A. from her care on February, 1, 2006.

2.   Whether plaintiff's constitutional rights to familial association were violated by the continued detention of F.A. and E.A. after their removal from plaintiff's care on February, 1, 2006.

3.   Whether any or all of the actions of the defendants are protected from liability by the application of any immunity, including statutory, absolute, or qualified immunity.

B.   <u>Defendants' Statement of Legal Issues</u>: Defendants respectfully suggest that, in addition to the legal issues Plaintiff identified, the legal issues include, but are not limited to:

1.   Whether the County Defendants participated in the removal of E.A. and F.A. when neither Social Worker Newman nor anyone else from the County was present at the time and place of the removal.

2.   Whether the City Defendants were entitled to rely upon information provided to them by the County Defendants.

3.  Whether Defendants, or any of them, are entitled to qualified immunity.

4.  Whether the Plaintiff can establish *Monell* claims.

5.  Whether the removal was appropriate and legal because of the imminent risk of injury to the children or otherwise.

6.  Whether the continued detention of the children was appropriate and legal because of the risk of injury to the children, the lawful orders of the Sonoma County Superior Court, or otherwise.

7.  Whether orders that were entered in the dependency proceedings, including without limitation the rulings of the Sonoma County Superior Court and the California Court of Appeal, bar Plaintiff's claims or some of them based on the doctrines of res judicata, collateral estoppel, or otherwise.

8.  Whether Plaintiff's conduct relating to the Dependency Proceedings bars her claims in this case or some of them.

9.  Whether Plaintiff suffered any damages and, if so, whether she mitigated her damages.

10. Whether Plaintiff's second claim for relief is barred, as a matter of law, based on Ninth Circuit law at the time of the custody hearing in the dependency proceedings.

**4.   Motions**

There are no pending motions at this time. The County Defendants anticipate filing dispositive motions under Rule 56. The City Defendants will likely file a Motion for Summary Adjudication or Motion for Summary Judgment.

**5.   Amendment of Pleadings**

Additional amendments of the pleadings and/or the joinder of additional parties are not contemplated at this time.

### 6. Evidence Preservation

Plaintiff's counsel states that they have requested that their client to preserve evidence relevant to the issues reasonably evident in this litigation.

Defendants' counsel have requested that their clients preserve evidence relevant to the issues reasonably evident in this litigation.

### 7. Disclosures

Defendants request a reasonable extension of time to serve initial disclosures. Many of the documents that are relevant to the facts and issues in this case are confidential and defense counsel does not yet have access to them because of the protections for juvenile case records contained in Welfare & Institutions Code Section 827 and the protections for juvenile police records contained in Section 827.9. On or about April 28, 2008, Plaintiff's counsel filed with the Sonoma County Superior Court a petition under Section 827 for the release of the juvenile case records; the County Defendants filed a joinder in the petition and the City will be filing a joinder. No hearing has yet been set on the petition. The parties intend to file a similar petition to obtain the release of the juvenile police records under Section 827.9.

The records of the dependency proceedings are voluminous and contain much information that will be relevant for the initial disclosures. Therefore, the parties request an extension of 60 days from the date the juvenile case records and law enforcement records are released in which to serve their initial disclosures.

### 8. Discovery

No discovery has been conducted at this time. At this early stage, particularly before a review of the juvenile case records and law enforcement records, the parties are unaware of whether there will reasonably be a need to change the standard discovery limits on the numbers (or length) of depositions, interrogatories, requests for documents, and/or requests for admissions provided for in the Federal Rules of Civil

Procedure and/or local rules. All parties reserve the right to seek changes and/or additional discovery should the need arise.

### 9. Class Actions

None.

### 10. Related Cases

There are no related cases, as that term is used in the Local Rules. However, the events that occurred in the Dependency Proceedings are relevant to the facts and issues in the instant case. On May 1, 2008, the County Defendants filed a Notice of Pendency of Other Action or Proceeding under Rule 3-13 of the Local Rules.

### 11. Relief

Plaintiff seeks monetary damages and is hopeful in negotiating significant changes in the conduct of business by the Human Services Department of the County of Sonoma, as well as punitive damages and attorney fees, all in amounts to be proven at trial.

### 12. Settlement and ADR

The parties have not discussed alternative dispute resolution mechanisms at this time. Plaintiff and each of the Defendants filed an ADR Certification pursuant to Civ. L.R. 16-8(b) stating that they and their counsel have read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the Court and private entities, and have considered whether this case might benefit from any of the available dispute resolution options.

### 13. Consent To Magistrate For All Purposes

On May 1, 2008, The County Defendants timely filed a Declination to Proceed before a Magistrate Judge and Request for Reassignment to a United States District Judge.

Plaintiff does not join the County Defendants in that motion and, therefore, consents to assignment of this case to a magistrate judge for all purposes.

**14. Other References**

None.

**15. Narrowing of Issues**

It is premature to consider the narrowing of issues at this time.

**16. Expedited Schedule**

The parties do not believe that an expedited schedule is appropriate for this case

**17. Scheduling**

The parties request a deferral of scheduling until the receipt of juvenile records/documents and law enforcement records/documents and a reasonable period of time to allow for the review of these materials. The parties request a further Case Management Conference in 90 to 120 days.

**18. Trial**

Each party has demanded a trial by jury. For the reasons discussed above, the parties believe it is premature to submit a proposed trial schedule at this time. The parties request that the Court set a proposed schedule regarding pre-trial dates at a further Case Management Conference to be held in approximately 90 to 120 days, at which time the dates for trial can be more reasonably assessed.

**19. Disclosure of Non-Party Interested Entities or Persons**

Pursuant to Civil L.R. 3-16, plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: None.

**20. Other Matters**

None.

Dated: May 15, 2008          Respectfully submitted,

By:  /s/ Jennifer Marlowe
Frederick P. Furth
Alex C. Turan
Jennifer C. Marlowe
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, California 94104-4249
Telephone: (415) 433-2070
Facsimile: (415) 982-2076

Robert R. Powell
Dennis Ingols
Law Offices of Robert R. Powell
925 West Hedding Street
San Jose, California 95126-1216
Telephone: (408) 553-0200
Facsimile: (408) 553-0203

*Attorneys for Plaintiffs Oralee Anderson-Francois*

Dated: May 15, 2008

By:  /s/ Bruce A. Kilday
Bruce A. Kilday
Angelo Kilday & Kilduff
Attorneys at Law
601 University Avenue Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Brien J. Farrell, City Attorney
Caroline A. Fowler, Asst. City Attorney
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, CA 95404
Telephone: (707) 543-3040
Facsimile: (707) 543-3055

*Attorney for Defendants City of Santa Rosa, Officer Brad Connors, Officer Jeneane Kucker, and Officer John Fehlman.*

94345.1                           -9-
JOINT CASE MANAGEMENT CONFERENCE STATEMENT NO. 1

Dated: May 15, 2008

By:     /s/ Dana A. Suntag
Dana A. Suntag
Suntag & Feuerstein
A Professional Corporation
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, CA 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

*Attorney for Defendants County of Sonoma and Jerry Newman*

94345.1

-10-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT NO. 1

1  FREDERICK P. FURTH (Cal. Bar No. 38438)
   ALEX C. TURAN (Cal. Bar No. 227273)
2  JENNIFER C. MARLOWE (Cal. Bar No. 242700)
   THE FURTH FIRM LLP
3  225 Bush Street, 15th Floor
   San Francisco, California 94104-4249
4  Telephone: (415) 433-2070
   Facsimile:  (415) 982-2076
5
   ROBERT R. POWELL (Cal. Bar. No. 159747)
6  THE LAW OFFICES OF ROBERT R. POWELL
   925 West Hedding Street
7  San Jose, California 95126
   Telephone: (408) 553-0200
8  F:acsimile:  (408) 553-0203

9  Attorneys for Plaintiffs

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13
   ORALEE ANDERSON-FRANCOIS        )  Case No. C-08-00724 WHA
14                                 )
              Plaintiffs,          )  **CERTIFICATE OF SERVICE**
15                                 )
       vs.                         )
16                                 )
   COUNTY OF SONOMA, CITY OF       )
17 SANTA ROSA, JERRY NEWMAN, BRAD  )
   CONNORS, OFFICER HOOD, JOHN     )
18 FELMAN, Does 1-25 Inclusive     )
                                   )
19                                 )
              Defendant.           )
20                                 )
                                   )
21

22         I, Robert Newman, declare under penalty of perjury that the following is true

23 and correct:

24         I am a citizen of the United States; am over the age of 18 years; am employed

25 by THE FURTH FIRM LLP, located at 225 Bush Street, 15th Floor, San Francisco,

26 California 94104, whose members are members of the State Bar of California and at least one

27 of whose members is a member of the Bar of each Federal District Court within California; am

28

94336.1                              -1-
CERTIFICATE OF SERVICE

1 | not a party to the within action; and that I caused to be served a true and correct copy of the
2 | following documents in the manner indicated below:

3 |     1. JOINT CASE MANAGEMENT CONFERENCE STATEMENT NO. 1
4 |     2. CERTIFICATE OF SERVICE.

5 | ☑    By Facsimile Transmission to the Party Listed Below:

Brien J. Farrell, City Attorney
Caroline A. Fowler, Asst. City Attorney
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, CA 95404
Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Executed on May 15, 2008, at San Francisco, California.

                        Signed /s/   Robert Newman

94336.1            -2-
CERTIFICATE OF SERVICE