IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORALEE ANDERSON-FRANCOIS,

    Plaintiff,

    v.

COUNTY OF SONOMA, CITY OF SANTA ROSA, JERRY NEWMAN, BRAD CONNORS, OFFICER HOOD, JOHN FELMAN, and DOES 1–25, inclusive,

    Defendants.

No. C 08-00724 WHA

**ORDER REGARDING MOTION TO FILE UNDER SEAL; ORDER REGARDING REQUEST TO FILE OVERSIZED BRIEF**

Defendant County of Sonoma has filed a motion for summary judgment. Both plaintiff and defendant City of Santa Rosa also intend to file motions for summary judgment. This order addresses two issues concerning the pending and anticipated motions. *First*, plaintiff filed an application for permission to file an oversized brief or, in the alternative, for permission to file a separate twenty-page statement of facts to be referenced in all briefs. Defendants County of Sonoma and Newman oppose the motion. The motion is hereby **DENIED**. The pages already permitted for the three sets of briefings will provide ample room to cover the facts of this case. Good cause has not been shown to permit additional pages.

*Second*, the County has filed an administrative motion to file its motion for summary judgment under seal, and other defendants have joined the request. They indicate that certain documents relevant to the motion have been sealed pursuant to state statute and court order. Defendants request to seal the entire motion and its declarations. The order is **GRANTED IN PART** and **DENIED IN PART**. Documents designated as confidential pursuant to statute or court

order in the state proceedings may be sealed. Under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and Civil Local Rule 79-5, however, not only must "compelling reasons" must be shown for the sealing but the sealing or redaction must be narrowly tailored. The instant request is not narrowly tailored — at least, it has not been shown to be. Good cause has not been shown to seal the entire motion and all declarations. Defendants should file a copy of the motion with narrowly tailored redaction of any references to confidential material, accompanied by a sealing motion setting forth the need therefor.

All parties should be cognizant of these standards when submitting any sealing requests which may be forthcoming for the upcoming motions.

**IT IS SO ORDERED.**

Dated: April 14, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE